UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------x
In the Matter of the Complaint

Of

REINAUER TRANSPORTATION COMPANIES, LLC
as Owner of the Vessels CB 120 and DB 112
for Exoneration from or Limitation of Liability

------------------------------------------------------------------x

**VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, Reinauer Transportation Companies, LLC, by its attorneys, Kaufman, Dolowich & Voluck, LLP, as and for its Verified Complaint seeking Exoneration from or Limitation of Liability, alleges upon information and belief as follows:

1. This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30505 (previously codified as 46 App. U.S.C. §§ 183, 189), involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule "F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure as herein more fully appears.

2. Petitioner, Reinauer Transportation Companies, LLC ("Petitioner"), is a Delaware limited liability company authorized to do business in the State of New York, with a place of business located at 1983 Richmond Terrace, Staten Island, New York 10302. Petitioner is engaged *inter alia* in the marine construction industry and operates tugboats, barges and other construction-related equipment all along the eastern seaboard, including the Commonwealth of Massachusetts.

3. On April 18, 2013 at approximately 2:55 p.m., David Feeney ("decedent"), an employee of Petitioner's subsidiary BTT Marine Construction Company, LLC ("BTT"), disappeared while in the process of concluding his daily work routine as a dock builder aboard Petitioner's crane barge, CB 120, which was moored in Lynn Massachusetts alongside DB 112, a

second vessel also owned by Petitioner. The body of decedent was recovered on April 19, 2013 in the vicinity of CB 120 by a diver of the Massachusetts state police.

4. The two vessels constituted a flotilla for purposes or Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30505.

5. On May 8, 2013, Petitioner received written notice of a claim for damages as a result of this incident.

6. The decedent's death and any alleged damages were not due to any fault, neglect or want of care on the part of Petitioner, and occurred without the privity and knowledge of Petitioner.

7. The value of the CB 120 on April 18, 2013 was no more than Eight Hundred Thirty Thousand Dollars ($830,000.00) (see Affidavit of Richard Meyerrose, Jr.). The value of the DB 112 on April 18, 2013 was no more than Seventy Five Thousand Dollars ($75,000.00) (Ibid.) Thus, the combined value of Petitioner's flotilla was no more than Nine Hundred Five Thousand Dollars ($905,000.00) as of April 18, 2013 (Ibid.)

8. Petitioner, pursuant to Rule "F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure **offers an Ad Interim Stipulation for Value** in the amount of Nine Hundred Five Thousand Dollars ($905,000.00), said value being not less than the value of Petitioner's interest in the flotilla comprised of CB 120 and DB 112.

9. This Verified Complaint is timely as it was filed within six (6) months of receipt of any written notice of claim.

10. Venue in this case is proper as the CB 120 and DB 112 are within the jurisdictional limits of this court at the time of the filing of this Verified Complaint.

11. Petitioner claims Exoneration from Liability for any alleged injury and/or damages sustained by the decedent, his next of kin, and/or his estate as a result of the April 18, 2013 incident aboard the CB 120 and/or the DB 112, and Petitioner alleges that it has valid defenses thereto on the facts and law.

12. Petitioner further claims the benefit of Limitation of Liability provided by 46 U.S.C. § 30505 (previously codified as App. 46 U.S.C. §§ 183, 189), and the various statutes supplementary thereto and amendatory thereof, and to that end, Petitioner is prepared to provide a stipulation with sufficient surety for the payment to the Court of the value of its interest in the flotilla comprised of the CB 120 and the DB 112, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule "F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and by the rules and practice of this Court.

**WHEREFORE**, Petitioner prays:

1. That this Court adjudge that Petitioner is not liable for any loss or damage arising out of the claimed incident on or about April 18, 2013; or if Petitioner shall be adjudged liable, that such liability be limited to the value of its interest in the flotilla comprised of the CB 120 and the DB 112 in the amount of Nine Hundred Five Thousand Dollars ($905,000.00), and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, be divided *pro-rata* according to the above mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

2. That this Court issue an Order:

    a.    Directing the issuance of a Notice to all persons asserting claims with respect to which this Verified Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

    b.    Directing Petitioner to file an <u>Ad Interim</u> Stipulation for Value to be approved by the Court, for payment into the Court for the benefit of claimants, the value of Petitioner's interest in the flotilla comprised of the CB 120 and the DB 112, as of the date of the alleged accident, with interest at a rate of six percent 6% per annum from the date of said security or whenever the Court shall so order.

    c.    Directing that, upon Petitioner's filing of an approved <u>Ad Interim</u> Stipulation for Value, as above provided, an injunction shall issue enjoining the prosecution against Petitioner, its agents or representatives and against the vessels CB 120 and DB 112, of any and all claims, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

3.    That Petitioner may have such other and further relief as the justice of this cause may require.

Dated: August 9, 2013

Attorneys for Petitioner
Reinauer Transportation Companies, LLC

_/s/ Gino A. Zonghetti_____
Gino A. Zonghetti, Esq.
BBO No.: 663020
Kaufman, Dolowich & Voluck, LLP
21 Main Street, Ste 251
Hackensack, New Jersey 07601
(201) 488-6655

VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I am vice president of Reinauer Transportation Companies, LLC, Petitioner in this action. I verify that the above allegations of the complaint are true and accurate to the best of my knowledge, said knowledge being based upon my personal knowledge of the facts and circumstances and my review of the file maintained by Reinauer Transportation Companies, LLC in this matter.

Date: August 9, 2013

ALBERT H. REINAUER

4836-0978-0500, v. 1